**ATTACHMENT**

**I. NATURE OF THE ACTION**

1. This is a federal-sector employment retaliation action arising from Plaintiff's appointment and work at the Louis Stokes Cleveland VA Medical Center under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–794a, and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000ff et seq.

2. Plaintiff was appointed under 38 U.S.C. § 7406 and provided patient care to veterans at the Cleveland VA as part of his psychiatry residency training.

3. Plaintiff engaged in protected activity by opposing a compelled medical assessment and related disability- and genetic-information inquiries he reasonably and in good faith believed were unlawful, and by filing an external administrative charge challenging those practices.

4. After Plaintiff engaged in that protected activity, actions affecting Plaintiff's VA assignment were taken by and through VA officials, or were knowingly acquiesced in, ratified, or left uncorrected by VA officials, resulting in Plaintiff's removal from VA call and clinical duties, denial of requested process, and loss of the ability to practice and train at the Cleveland VA.

5. Plaintiff seeks damages and appropriate declaratory and equitable relief.

**II. JURISDICTION AND VENUE**

6. This Court has jurisdiction under 28 U.S.C. § 1331 and the applicable federal employment-discrimination statutes.

7. Plaintiff exhausted the applicable federal-sector administrative process. The Department of Veterans Affairs accepted and processed Plaintiff's formal EEO complaint, issued a

1

Final Agency Decision, and did not dismiss the complaint based on untimely initial counselor contact.

8. Plaintiff timely appealed to the Equal Employment Opportunity Commission's Office of Federal Operations, timely sought reconsideration, and thereafter received the EEOC's final order.

9. This action is filed within ninety (90) days of Plaintiff's receipt of that final EEOC order.

10. All conditions precedent to this action have been satisfied, have occurred, or have been waived, excused, or otherwise discharged.

11. Venue is proper in this District because the events giving rise to these claims occurred in this District and Plaintiff worked at the Cleveland VA in this District.

## III. THE PARTIES

12. Plaintiff Nicholas Krudy is a former psychiatry resident who, at all relevant times, performed clinical duties at the Louis Stokes Cleveland VA Medical Center in Cuyahoga County, Ohio.

13. At all relevant times, Plaintiff held a federal appointment with the Department of Veterans Affairs under 38 U.S.C. § 7406 and provided patient care and related services at the Cleveland VA as part of that appointment.

14. The VA exercised substantial control over Plaintiff's work at the Cleveland VA, including his clinical duties, assignments, call schedule, and ability to continue providing patient care and training there.

15. Defendant Douglas A. Collins is the Secretary of Veterans Affairs and is sued in his official capacity only.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff was a resident physician in a shared psychiatry residency enterprise involving University Hospitals, the Department of Veterans Affairs, and Case Western Reserve University.

17. As part of that shared program, Plaintiff held a VA appointment and worked scheduled VA rotations and VA overnight call at the Cleveland VA.

18. Before the events described below, Plaintiff had worked VA shifts and rotations without being told that he posed a patient-care or fitness concern requiring removal from VA duties.

19. In 2020, Plaintiff was directed through the residency program to undergo a mandatory assessment even though Plaintiff had not requested an accommodation and had been told there were no concerns about his ability to provide patient care.

20. During that process, Plaintiff was compelled to answer questions about medical conditions, medications, family medical history, and other genetic information.

21. Plaintiff opposed the compelled assessment and related inquiries as discriminatory, overbroad, not supported by identified business necessity, and unlawful.

22. On or about February 1, 2021, Plaintiff filed an external administrative charge challenging the compelled assessment and related disability- and genetic-information inquiries as discriminatory and unlawful.

23. On or about February 2, 2021, that charge was served on University Hospitals.

24. The residency program was a shared enterprise involving University Hospitals and the VA. On information and belief, before actions were taken affecting Plaintiff's VA duties in late February and early March 2021, personnel involved in the shared residency

3

program communicated Plaintiff's external charge and the ongoing dispute concerning the compelled assessment and inquiries to VA officials involved in decisions about Plaintiff's VA assignment.

25. On February 24, 2021, Plaintiff was informed that he was required to meet with VA Psychiatry Education Site Director Dr. David Blank regarding VA call and his continued work at the Cleveland VA.

26. On February 26, 2021, Plaintiff met with VA Psychiatry Education Site Director Dr. David Blank and others regarding VA call and his continued work at the Cleveland VA, and during that meeting Plaintiff was informed that he was being removed from his VA work assignment and would not be returning to the Cleveland VA.

27. Plaintiff requested fact-finding, process, and information concerning his rights and the basis for the action.

28. VA personnel policies and procedures applicable to residents appointed under 38 U.S.C. § 7406 required investigation and procedural protections before effecting removal from VA service or clinical activity.

29. Defendant did not provide those protections to Plaintiff before or after the actions that resulted in Plaintiff's removal from VA duties.

30. On or about March 5, 2021, VA Designated Education Official Dr. Singh informed Plaintiff that, based on discussions with VA faculty and leadership and concurrence from the UH Program Director, Plaintiff would be removed from the pool of residents assigned to do VA call, and that further decisions regarding Plaintiff's clinical rotations would be determined by the UH Program Director.

4

31. That communication reflected that actions affecting Plaintiff's VA assignment were being taken through coordinated participation by VA leadership and the UH Program Director.

32. Plaintiff continued to request information regarding grievance, appeal, and other rights related to his VA appointment and removal from VA duties.

33. VA officials did not provide the requested information, did not restore Plaintiff to VA call or clinical activity, and did not correct or withdraw the action affecting Plaintiff's VA assignment.

34. On or about April 23, 2021, Plaintiff was informed by University Hospitals that his residency position was terminated effective immediately on the stated basis that his privileges and/or rights to practice at the Cleveland VA had been restricted or revoked.

35. As a direct and foreseeable result of actions taken by and through VA officials, and/or actions knowingly acquiesced in, ratified, or left uncorrected by VA officials, Plaintiff was not permitted to return to VA call or clinical activity at the Cleveland VA, his ability to continue practicing and training there ended, and that VA-based restriction was then invoked as the stated basis for ending his residency position.

36. The timing and sequence of these events, together with the VA's failure to provide required investigation and procedural protections and its acquiescence in or ratification of actions affecting Plaintiff's VA assignment, support a plausible inference that Plaintiff's protected activity was a but-for cause of the materially adverse actions taken against him.

37. As a direct and proximate result of Defendant's actions, Plaintiff lost compensation, benefits, training, and professional opportunities, and suffered emotional distress and other non-economic harm.

## V. COUNTS

### COUNT I
### RETALIATION IN VIOLATION OF THE REHABILITATION ACT

38. Plaintiff incorporates the preceding allegations.

39. Plaintiff engaged in protected activity under the Rehabilitation Act by opposing a compelled medical assessment and related disability-related inquiries he reasonably and in good faith believed were unlawful, and by filing an external administrative charge challenging those practices.

40. Defendant knew, through managers, supervisors, or other agents involved in Plaintiff's VA assignment and the actions affecting it, of Plaintiff's protected activity before the materially adverse actions alleged herein.

41. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including actions taken by and through VA officials, or knowingly acquiesced in, ratified, or left uncorrected by VA officials, that resulted in Plaintiff's removal from VA call and clinical duties, denial of requested process, and loss of the ability to practice and train at the Cleveland VA.

42. Defendant also failed to take reasonable steps within its control to prevent, investigate, correct, or remedy retaliatory actions affecting Plaintiff's VA appointment and work.

43. Plaintiff's protected activity was a but-for cause of the adverse actions taken against him.

44. Defendant's conduct violated the Rehabilitation Act.

45. As a direct and proximate result, Plaintiff suffered economic loss, loss of professional and training opportunities, emotional distress, and other damages.

6

## COUNT II
### RETALIATION IN VIOLATION OF GINA

46. Plaintiff incorporates the preceding allegations.

47. Plaintiff engaged in protected activity under GINA by opposing compelled inquiries seeking family medical history and other genetic information, and by filing an external administrative charge challenging those practices.

48. Defendant knew, through managers, supervisors, or other agents involved in Plaintiff's VA assignment and the actions affecting it, of Plaintiff's protected activity before the materially adverse actions alleged herein.

49. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including actions taken by and through VA officials, or knowingly acquiesced in, ratified, or left uncorrected by VA officials, that resulted in Plaintiff's removal from VA call and clinical duties, denial of requested process, and loss of the ability to practice and train at the Cleveland VA.

50. Defendant also failed to take reasonable steps within its control to prevent, investigate, correct, or remedy retaliatory actions affecting Plaintiff's VA appointment and work.

51. Plaintiff's protected activity was a but-for cause of the adverse actions taken against him.

52. Defendant's conduct violated GINA.

53. As a direct and proximate result, Plaintiff suffered economic loss, loss of professional and training opportunities, emotional distress, and other damages.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

a.  Enter judgment in Plaintiff's favor and against Defendant;

b.  Declare that Defendant retaliated against Plaintiff in violation of the Rehabilitation Act and GINA;

c.  Award back pay, lost benefits, and other economic damages;

d.  Award front pay or other appropriate equitable relief;

e.  Award compensatory damages as permitted by law;

f.  Award appropriate injunctive and declaratory relief;

g.  Award costs and any attorneys' fees permitted by law; and

h.  Grant such other and further relief as the Court deems just and proper.